UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE ANN BELLE,

               Plaintiff,         Civil Action No. 18-cv-11328
                                       Honorable David M. Lawson
                                       Magistrate Judge David R. Grand

v.

CONCENTRIX CORPORATION,

               Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT [14]**

**I.    RECOMMENDATION**

Plaintiff Lee Ann Belle ("Belle") brings this action pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination Employment Act, and the Michigan Elliott-Larsen Civil Rights Act, challenging defendants' actions while Belle was employed at Concentrix Corporation ("Concentrix"). This case has been referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #6). Presently before the Court are Concentrix's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 12(b)(6), and Belle's subsequently-filed Motion for Leave to Amend. (Docs. #14, #15). For the reasons stated on the record, and those that follow, the Court RECOMMENDS that Defendant Concentrix's Motion to Dismiss (Doc. #14) be DENIED, and will issue a separate order granting Plaintiff's Motion for Leave to Amend Complaint (Doc. #15).

**II.    REPORT**

    **A. Background**

Belle filed her initial complaint, *pro se*, on April 27, 2018. (Doc. #1). Thereafter, she

1

sought assistance from the Court's Pro Se Clinic ("the Clinic"). (Doc. #20). On June 15, 2018, Belle and Defendant Concentrix Corporation ("Concentrix") entered a stipulation to dismiss certain claims and defendants. (Doc. #12). Pursuant to the stipulation, the Honorable David M. Lawson entered an Order of Partial Dismissal on June 21, 2018. (Doc. #13). The Order of Partial Dismissal specified that Belle "must file an amended complaint on or before June 25, 2018." (*Id.*). On July 18, 2018, after Belle had not filed an amended complaint by that date, Concentrix filed the instant motion to dismiss, grounded in Fed. R. Civ. P. 41(b), as well as 12(b)(6) ("Motion to Dismiss") (Doc. #14). Belle filed a response, and Concentrix filed a reply. (Docs. #21, #22).

Only two days later, Belle filed her Motion for Leave to Amend Complaint. (Doc. #15). She argued that she relied upon correspondence from Concentrix's counsel mistakenly advising her that her amended complaint was due July 25, 2018, not June 25, 2018. (Doc. #15 at 2). Concentrix filed a response on August 2, 2018. (Doc. #17). In its response, Concentrix argued that a ghost-writing attorney contributed to Belle's motion. (*Id.*). Belle then filed a declaration regarding the assistance she received from the Clinic. (Doc. #20).

### B. Standard of Review

Federal Rule of Civil Procedure 41 governs dismissals of actions. Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead

to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)); *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). The court "should freely give leave [to amend] when justice so requires." *Mathews v. Lavida Massage Franchise Dev., Inc.*, No. 13-12587, 2014 U.S. Dist. LEXIS 77757, at *2-4 (E.D. Mich. June 9, 2014) (quoting Fed. R. Civ. P. 15(a)(2)).

**C. Analysis**

Concentrix argues that Belle's case should be dismissed pursuant to Fed. R. Civ. P. 41(b) because she failed to file an amended complaint by June 25, 2018, as required by the prior court order. (Doc. #13). Applying the above-mentioned four factors from the Sixth Circuit, the Court finds dismissal is not warranted in these circumstances.

As to the first factor, there is at least a question about whether there was willfulness, bad faith, or fault when Belle missed the June 25 deadline. Belle provides some explanation as to why she missed the deadline. In her declaration submitted to the Court, Belle claims that on June 21, 2018, she sought concurrence to file an amended complaint by June 27, 2018. (Doc. #20). In response, Concentrix's counsel e-mailed her stating, "The Court went ahead and revised the proposed order that we submitted which gave you until July 22, 2018 to file your Amended Complaint. The new date by the Court and which is in the Order revised by the Court is July 25, 2018." (Doc. #20 at 2). Belle claims she relied this message to submit her amended complaint by July 25, 2018 (which she did), but did not see a second email Concentrix's counsel sent her less than an hour later with the corrected deadline. (*See* Doc. #20 at ¶ 16). While it seems odd that Belle would miss the second e-mail sent so close in time to the first, Concentrix has not shown Belle's assertion to be untrue. Accordingly, this first factor does not weigh in favor of dismissal.

As to the second factor, whether the opposing party was prejudiced, the Court also finds this does not weigh in favor of dismissal. This case is still in its early stages; discovery has not yet commenced, and was only a three-week delay between the June 25 deadline and July 20, 2018, when Belle filed her Motion for Leave to Amend. Although Concentrix argues that further litigation expenses constitute prejudice, none of those expenses are incremental as a result of the brief delay.

The final two factors—whether the party was warned of dismissal, and whether a less drastic sanction was considered—also do not weigh in favor of dismissal. The prior order authorizing Bell's filing of an amended complaint does not contain a warning that her failure to file an amended complaint by June 25, 2018 will, or even may, result in dismissal of her case. (Doc. #13). Moreover, dismissal "is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct," as Belle persuasively argues. *Stough v. Mayville Cmty. Schs.*, 138 F. 3d 612, 614-15 (6th Cir. 1998) (internal citations omitted). Here, the evidence is clear that Belle intends to pursue her claims, and has even enlisted the assistance of the Court's Clinic. Thus, this is not an "extreme situation" of "delay or contumacious conduct," such that dismissal is warranted.

For all of the foregoing reasons, Concentrix's motion to dismiss (Doc. #14) should be denied. Bell should be warned, however, that, she must comply with Court orders and the applicable Federal Rules of Civil Procedure, and that her failure to do so may result in the imposition of an appropriate sanction, up to and including possible dismissal of her case.

The Court now turns to Belle's motion for leave to file an amended complaint (Doc. #15). While Concentrix initially advanced substantive arguments regarding deficiencies in Belle's original complaint, it acknowledged at the hearing that Belle's proposed amended complaint cures

those deficiencies. Accordingly, the Court will issue a separate order granting Belle's motion.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Concentrix's Motion to Dismiss **(Doc. #14)** be **DENIED**. Further, Bell should be warned that she must comply with Court orders and the applicable Federal Rules of Civil Procedure, and that her failure to do so may result in the imposition of an appropriate sanction, up to and including possible dismissal of her case.

Dated: October 17, 2018     s/David R. Grand
Ann Arbor, Michigan         DAVID R. GRAND
                            United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email and First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2018.

              s/Eddrey O. Butts
              EDDREY O. BUTTS
              Case Manager